UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent<br><br>v.<br><br>JOSEPH C. PELCHAT,<br><br>    Defendant-Petitioner. | Crim. No. 00-25 (JMR/FLN)<br>Civil No. 03-6532 (JMR)<br><br>**REPORT AND RECOMMENDATION** |

    Joseph C. Pelchat, Federal Medical Center - Rochester, PMB 4000, Rochester, Minnesota, 55903-4000, Petitioner, pro se.

    James E. Lackner, Assistant U.S. Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415, for Respondent.

FRANKLIN L. NOEL, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge on Defendant Joseph C. Pelchat's motion for relief under 28 U.S.C. § 2255. The matter has been referred to this Court for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Defendant's § 2255 motion be DENIED.

**I.    BACKGROUND**

On January 3, 2000, Defendant met an undercover law enforcement officer for the purpose of picking up a shipment of marijuana. The officer helped Defendant load thirteen boxes of marijuana into an SUV that was being used by Defendant and two accomplices. After the marijuana had been moved, the officer gave a signal to other officers, and Defendant was apprehended and taken into custody.

Defendant and three others were later indicted for conspiracy to distribute and possess with the intent to distribute in excess of 100 kilograms of marijuana, in violation of 21 U.S.C. § 846, and §§ 841(a)(1) and (b)(1)(B).  Defendant and his attorney initially explored a possible plea agreement, by which Defendant would have provided information to law enforcement officials in exchange for a reduced sentence.  However, no such agreement was ever reached, because Defendant did not offer any information that the Government considered to be sufficiently useful.

On April 17, 2000, the charges against Defendant were amended by the filing of an Information, which alleged that Defendant had two prior drug law convictions – a 1986 federal conviction for distribution of LSD, and a 1990 federal conviction for possession with intent to distribute marijuana.  (Docket No. 99.)  As a result of those prior convictions, Defendant faced an enhanced sentence, including a ten-year mandatory minimum and a life-sentence maximum, if convicted on the new charge pending against him.  See 21 U.S.C. § 841(b)(1)(B).  An information of the type that was filed in this case is sometimes called an "851 Information," because it is required by 21 U.S.C. § 851(a).  The filing of the 851 Information against Defendant meant that he could be treated as a "career offender" for sentencing purposes.

On April 18, 2000, (the day after the 851 Information was filed), Defendant appeared before the trial court for a change of plea hearing.  Defendant was represented at the hearing by Attorney Steven Meshbesher.  After acknowledging that no plea agreement had been reached, Attorney Meshbesher informed the Court that Defendant "want[ed] to take a plea of guilty, straight up."  (Transcript of Guilty Plea Hearing, ["GPT"], [Docket No. 177], at p. 4.)

The trial court carefully questioned Defendant to ensure that his guilty plea was entered freely and voluntarily, and that Defendant fully understood the rights that he was waiving by pleading guilty. The court also explained to Defendant that he was facing a prison sentence of ten years to life, because of the prior offenses charged in the Information. (GPT 44.) The Court asked Defendant: "Do you understand that?" Defendant responded: "Yes, I do." (Id.)

One issue that was specifically discussed during the plea hearing was the amount of the marijuana involved in Defendant's crime. Attorney Meshbesher agreed, without contradiction from Defendant, that the Government would be able to prove that 500 pounds of marijuana were involved in the offense. (GPT 54.) In addition, Defendant personally confirmed that he had expected to receive 500 to 1000 pounds of marijuana in the transaction for which he was arrested and charged. (GPT 51-52.)

The trial court ultimately accepted Defendant's "straight up" guilty plea, and directed that he remain in custody pending his sentencing at a later date. A pre-sentence report was prepared, and Defendant was given an opportunity to present objections to that report. The case came back before the trial court for sentencing on December 18, 2001.

At sentencing, the trial court determined that Defendant had sustained the two prior convictions alleged in the 851 Information, and that he should therefore be sentenced as a career offender, under § 4B1.1 of the United States Sentencing Guidelines, ("USSG"). As a career offender, Defendant's criminal history category (under the Guidelines) was Category VI, and his initial offense level, before reductions, was 37. USSG § 4B1.1(b). Defendant received a three-point reduction of his offense level for "acceptance of responsibility," which brought his final offense level down to 34. Based on that offense

level, and Defendant's Category VI criminal history, the Guideline range for Defendant's offense was 262 to 327 months. (Transcript of Sentencing Hearing, ["ST"], [Docket No. 175], pp. 51-52.) The trial court imposed a sentence at the very bottom of that range – 262 months. (ST 70.)

Following his conviction and sentence, Defendant took a direct appeal to the Eighth Circuit Court of Appeals. On appeal, Defendant argued that he should have been given a shorter sentence because (a) he placed himself at personal risk by offering assistance to the Government, and (b) his sentence was unfairly long, in light of the shorter sentences imposed on his accomplices. Defendant also tried to challenge the use of his 1990 conviction to establish his career offender status. He claimed that his 1990 conviction was invalid under the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), and that the 851 Information, (alleging his career offender status), was invalid due to procedural flaws. The Court of Appeals rejected all of Defendant's claims on the merits and affirmed his sentence, and the Supreme Court later denied Defendant's application for certiorari review. United States v. Pelchat, 40 Fed.Appx. 306 (8th Cir.) (per curiam) (unpublished opinion), cert. denied, 537 U.S. 1094 (2002).

Defendant then filed his current motion for relief under 28 U.S.C. § 2255, (Docket No. 223), which lists twelve claims. In the first eleven claims, Defendant alleges that he was deprived of his constitutional right to effective assistance of counsel, because he did not receive adequate legal representation during the proceedings before the trial court. In the twelfth claim, Defendant alleges that he was denied due process because the Court of Appeals did not fully address and adjudicate all of the claims that he attempted to raise on his direct appeal.

All eleven of Defendant's ineffective assistance of counsel claims pertain to two critical sentencing issues: (1) the validity of the 851 Information that gave him career offender status, and (2) the quantity of the marijuana involved in his offense.

With regard to the career offender issue, Defendant claims that –

(1) defense counsel erroneously conceded that Defendant was eligible for an enhanced sentence as a career offender, without first reviewing the Information alleging Defendant's career offender status, (Ground 2);

(2) defense counsel failed to challenge the manner in which the Government served the 851 Information, (Ground 3);

(3) defense counsel erroneously waived Defendant's opportunity to challenge the validity of the 1990 prior conviction, (Ground 6); and

(4) defense counsel failed to challenge the validity of the 1990 prior conviction, or the 851 Information, during the sentencing hearing, (Ground 11).

With regard to the quantity of marijuana issue, Defendant claims that –

(1) defense counsel erroneously accepted the sentencing range asserted by the Government, without questioning the quantity of the marijuana involved in the offense, (Ground 1);

(2) defense counsel erroneously stipulated to the quantity of marijuana involved in the offense, without consulting Defendant, even though there was (allegedly) no evidence to support the Government's position on the quantity issue, (Ground 4);

(3) defense counsel misrepresented Defendant's objections to the Government's position regarding the quantity of marijuana involved in the offense, (Ground 5);

(4) defense counsel acted "directly against [Defendant's] position with regard to the

quantity of marijuana involved in the instant offense," (Ground 7);

(5) defense counsel failed to advise Defendant that the Government had the burden of proving the quantity of the marijuana involved in the offense, beyond a reasonable doubt, (Ground 8);

(6) defense counsel did not object to the Government's assertion, and the trial court's subsequent finding, that Defendant had admitted the quantity of the marijuana involved in the offense, (Ground 9); and

(7) defense counsel did not object to the trial court's determination that Defendant had pled guilty to an offense involving at least 100 kilograms of marijuana, (Ground 10).

For the reasons discussed below, we find that Defendant is not entitled to any relief on any of the claims raised in his current § 2255 motion.

## II. DISCUSSION

The Court initially notes that Defendant's final ground for relief is clearly without merit. Defendant there claims that he was denied due process because of errors allegedly committed by the Court of Appeals on direct appeal. While the Court of Appeals is authorized to review the rulings of the District Court, the converse is not true – the District Court has no legal authority to review the rulings of the Court of Appeals. Therefore, Defendant's final ground for relief, which challenges the sufficiency and propriety of the Court of Appeals' decision on his direct appeal, is summarily rejected. The only claims that can properly be considered here are Defendant's eleven remaining claims of ineffective assistance of counsel.[1]

---

[1] To the extent that Defendant may be seeking relief based directly on <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United</u>

A.  Standard of Review for Ineffective Assistance of Counsel Claims

To obtain relief under § 2255 on a claim of ineffective assistance of counsel, a defendant must establish (1) that his attorney's performance "fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); Garrett v. United States, 78 F.3d 1296, 1301 (8th Cir.), cert. denied, 519 U.S. 956 (1996).  In evaluating the adequacy of an attorney's representation, this Court must be mindful of the "strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance." Strickland, 466 U.S. at 689.  "Counsel's challenged conduct is to be evaluated in light of the circumstances surrounding the decision, not with the 20/20 vision of hindsight."  Garrett, 78 F.3d at 1301.

In order to satisfy the second Strickland requirement, the defendant must make "a showing of prejudice sufficient to undermine confidence in the outcome of the trial." Id. at 1302.  More specifically, the defendant must demonstrate that there is a "reasonable probability that the proceeding would have ended in a different result without counsel's errors." Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995).  See also Strickland, (defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

---

States v. Booker, 125 S.Ct. 738 (2005), his claims are unavailing, because (a) any and all Apprendi claims were raised, or should have been raised, on direct appeal, and are now barred by the doctrine of procedural default, (United States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001), cert. denied, 534 U.S. 1097 (2002)), and (b) Blakely and Booker are not retroactively applicable on collateral review, (Never Misses A Shot v. United States, 413 F.3d 781 (8th Cir. 2005) (per curiam)).

A defendant can challenge the propriety of his sentence, (as opposed to his conviction), based on a claim of ineffective assistance of counsel, but the two Strickland requirements – incompetence and prejudice – are fully applicable to such claims. Blankenship v. United States, 159 F.3d 336, 338 (8th Cir. 1998), cert. denied, 525 U.S. 1090 (1999). To satisfy the prejudice requirement for a sentence-related ineffective assistance claim, the defendant must show that a different sentence probably would have been imposed, if defense counsel had provided competent legal representation. Id.; Auman, 67 F.3d at 162.

In this case, it is unnecessary to consider the first prong of the Strickland test, (i.e., whether defense counsel was reasonably competent), because Defendant is plainly unable to satisfy Strickland's prejudice requirement. See United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) ("we need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice"). Even if counsel had represented Defendant exactly as Defendant now claims he should have been represented, there is no reason to believe that the trial court would have imposed a different sentence.[2]

B. Career Offender Status

Defendant contends that his attorney should have challenged the validity of the 851

---

[2] By skipping directly to the prejudice requirement, the Court does not mean to imply that Defendant has satisfied the Strickland incompetency requirement. To the contrary, the Court finds no reason to think that Defendant's legal representation was deficient in any respect. However, the Court finds it wholly unnecessary to address the first part of the Strickland analysis, (i.e., the adequacy of Defendant's legal representation), because it is so obvious that Defendant cannot satisfy Strickland's prejudice requirement. See Strickland, 466 U.S. at 697 ("[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed").

Information, and the prior convictions alleged in that Information, but he is unable to show that any such challenge could have been successful.

At Ground 2 of the present motion, Defendant complains that his attorney "conced[ed] the statutory enhancement," (even though his attorney filed a 30-page brief challenging the career offender enhancement, [Docket No. 150]). However, Defendant has not adequately explained how his Attorney could have <u>successfully</u> challenged his career offender status. Defendant's criminal record made him a career offender, and he could not have been prejudiced by a concession of that undeniable fact.

At Ground 3 of the motion, Defendant contends that he did not receive adequate notice of the 851 Information, and that his attorney should have raised an inadequate notification argument on his behalf. The record shows, however, that Defendant was fully aware of the 851 Information before he entered his guilty plea. (GPT 43-45.) More importantly, Defendant is unable to show that he would have been able to avoid his career offender status even if his attorney had objected to the manner in which Defendant was notified of the 851 Information.

At Ground 6 of the motion, Defendant criticizes his attorney for allowing him to plead guilty to a supervised release violation stemming from his 1990 prior conviction, without first challenging the underlying indictment in that prior case. Once again, however, Defendant is unable to show any prejudice. The supervised release violation had no bearing on the existence of the 1990 prior conviction. Defendant was unable to successfully challenge his prior conviction because it was more than five years old – not because he pleaded guilty to violating his supervised release. See <u>Pelchat</u>, 40 Fed.Appx. at 307 ("Pelchat cannot challenge his 1990 conviction... because Pelchat has exceeded the five-year limitations

9

period to challenge convictions under § 851(e)").[3]

Ground 11 of Defendant's motion is simply a recapitulation of the arguments raised in Grounds 2, 3 and 6. Defendant reiterates a host of grievances about his attorney's response to the 851 Information. But again, all of this condemnation is unavailing, because Defendant cannot show that he would have been able to elude his career offender status if not for his attorney's alleged errors. Once the Government filed the 851 Information, Defendant's career offender status was inescapable, regardless of what his attorney might have done.

### C. Quantity of Marijuana

In Grounds 1, 4, 5, 7, 8, 9 and 10 of the present § 2255 motion, Defendant complains about his attorney's failure to successfully challenge the quantity of the marijuana attributed to him for sentencing purposes. He contends:

(i) that his attorney should not have acquiesced to the Government's application of the sentencing guidelines, (Ground 1);

(ii) that his attorney should not have stipulated to the quantity of the marijuana involved in the crime, (Ground 4);

(iii) that his attorney misstated his objections to the Pre-trial Report, and thereby erroneously admitted that at least 470 pounds of marijuana were involved in the crime, (Ground 5);

---

[3] 21 U.S.C. § 851(e) states that "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction."

(iv) that his attorney misrepresented his position at the sentencing hearing, and thereby erroneously admitted that more than 470 pounds of marijuana were involved in the crime, (Ground 7);

(v) that his attorney failed to tell him before he pled guilty that the Government had the burden of proving the quantity of marijuana involved in his offense, (Ground 8);

(vi) that his attorney failed to object to the Government's assertion, and the trial court's finding, that he had admitted that his offense involved 472 or 473 pounds of marijuana, (Ground 9); and

(vii) that his attorney failed to object to the trial court's determination, at sentencing, that he had pleaded guilty to an offense involving at least 100 kilograms of marijuana, (Ground 10).

At the guilty plea hearing, Defendant candidly acknowledged that he had expected to receive 500 to 1000 pounds of marijuana from the drug deal that led to his conviction. (GPT 51-52.) Defendant now contends that his attorney should have challenged the quantity of marijuana for which he was sentenced, (despite his testimony at the guilty plea hearing), but he has offered no reason to believe that any such challenge could have been successful.

All of Defendant's complaints about his attorney's performance are unavailing, because he was charged with conspiring to possess with intent to distribute "in excess of 100 kilograms of marijuana," (Indictment dated filed February 1, 2000; [Docket No. 17]), and he pleaded guilty "straight up" to that offense.[4]  Defendant was charged with, and

---

[4] Defendant told the trial court judge: "My intention from the very beginning of this case was to plead guilty." (GPT 32.) Even in his most recent submission, Defendant still

pleaded guilty to, only one offense. According to the indictment, the charged offense specifically involved "in excess of 100 kilograms of marijuana." Thus, Defendant cannot deny that he knowingly pleaded guilty to a crime which, by the express language of the indictment, involved at least 100 kilograms of marijuana.

All of Defendant's arguments about the exact quantity of the marijuana involved in the offense have no bearing on the propriety of his sentence. As the trial court judge succinctly pointed out, "he's a career offender, which puts him at a category 37 [before the three point reduction for acceptance of responsibility] no matter what the numbers are." (ST 61.) In other words, given Defendant's career offender status, and his guilty plea to the indictment charge of a § 841(b)(1)(B) offense, (i.e., an offense involving at least 100 kilograms of marijuana), he was automatically destined to a sentencing guideline range, (with the deduction for acceptance of responsibility), of 262 to 327 months, regardless of the exact amount of the marijuana involved in the offense.[5]

To prove prejudice, for Strickland purposes, Defendant must be able to show that the outcome of his sentencing probably would have been different if his attorney had not committed the alleged errors listed at Grounds 1, 4, 5, 7, 8, 9 and 10 of his § 2255 motion. Defendant has not met that burden. While Defendant claims his attorney made many

---

acknowledges that he "has never contested his guilt, only the sentence." (Traverse, [Docket No. 255].)

[5] The trial court judge reiterated this point when he said, "I do not need to make a determination as to whether the quantity is larger than a hundred – more than – you know, a small amount more than a hundred kilograms. You know and I know it was a great deal more. We can go play games with adding and subtracting, but you're in the category – you're a career offender and that puts you in the sentencing guideline category which I've already described." (ST 70.)

mistakes, he has not described anything that his attorney might have done differently, with regard to the quantity of marijuana issue, that probably would have changed the outcome of his sentencing. See Lindsey v. United States, 310 F.3d 606, 608 (8th Cir. 2002) (defendant's ineffective assistance of counsel claims were properly rejected where counsel's failure to object to drug quantity did not affect defendant's sentencing).

Defendant has cited no evidence or argument suggesting that there was any possibility, (let alone a "reasonable probability"), that counsel could have secured a lesser sentence by challenging the quantity of marijuana at sentencing. He is unable to affirmatively demonstrate that his crime actually involved a specific quantity of marijuana that should have resulted in a shorter sentence. If Defendant's attorney had forced the Government to "prove its case" at sentencing, there is no reason to believe the Government would have been unable to do so. To the contrary, everything in the record, including Defendant's own testimony at the guilty plea hearing, indicates that the Government would have had no trouble proving that Defendant's crime involved at least 100 kilograms of marijuana.

In sum, Defendant has not shown that he probably would have received a shorter sentence if not for the alleged mistakes of his attorney. Therefore, he has failed to establish prejudice, and, concomitantly, he has failed to sustain his ineffective assistance of counsel claims. See Blankenship, 159 F.3d at 338 ("[n]o prejudice arises from counsel's failure to raise a claim that had little likelihood of success on the merits").

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Defendant's motion seeking relief under 28 U.S.C. § 2255, (Docket No. 223), be

**DENIED**.

Dated: December 2, 2005.

                                          s/ *Franklin L. Noel*
                                          FRANKLIN L. NOEL
                                          United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 21, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.